IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR148 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JEFFREY H. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is filing 394, the Notice of Appeal filed by the defendant, Jeffrey H. Collins, who appeals the Memorandum and Order (filing 392) and Judgment (filing 393) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").

Also before me is filing 395, the Memorandum from the Clerk of Court requesting a decision regarding whether the defendant may proceed in forma pauperis ("IFP") on appeal. I conclude that pursuant to Fed. R. App. P. 24(a)(3), the defendant may continue to proceed IFP in this appeal, as the appeal is taken in good faith.[1]

---

[1] Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....

(3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

However, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000), citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (which defined the former standard for a certificate of probable cause to appeal) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. In contrast, if the district court denies a § 2255 motion

on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling.

For the reasons set forth in the court's previous memorandum and order (filing 392) denying the defendant's § 2255 motion, the court concludes that the defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

THEREFORE, IT IS ORDERED:

1. That, in response to the clerk's memorandum (filing 395), the defendant may continue to proceed in forma pauperis on appeal;

2. That a certificate of appealability is denied and shall not issue with respect to the defendant's notice of appeal (filing 394); and

3. That the Clerk of Court shall provide a copy of this order to the Eighth Circuit Court of Appeals.

November 1, 2004.        BY THE COURT:

                         s/ Richard G. Kopf
                         United States District Judge